```
                                         Priority  ____
                                         Send      ____
                                         Enter     ____
                                         Closed    ____
                                         JS-5/JS-6  ✓
                                         JS-2/JS-3 ____
                                         Scan Only ____
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBEKAH KIM, YOUNG WOO KIM<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND LEE, an individual; IMAX SERVICE CORP, a California Corporation; and DOES 1 TO 20, inclusive.<br><br>Defendants. | Case No. CV12- 3963 RGK (JCx)<br><br>Assigned to Hon. R. Gary Klausner<br>Courtroom: 850<br>Assigned to Discovery Magistrate Judge<br>Hon. Jacqueline Chooljian<br>Courtroom: 20<br><br>[PROPOSED] ORDER REGARDING APPROVAL OF FLSA SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL WITH PREJUDICE<br><br>Complaint Filed: March 20, 2012<br>Action Removed: May 7, 2012 |

WHEREAS:

   A.   On _____, 2012, Plaintiffs Rebekah Kim and Young Woo Kim and Defendants Imax Service Corp. and Edmund Rhee, incorrectly sued as Edmund Lee, (collectively the "Parties") in the above-captioned action (the "Litigation"), by their respective counsel of record, presented before this Court for approval an executed Settlement Agreement, Release, and Waiver ("Agreement") and an executed Stipulation Regarding Approval of FLSA Settlement, Final Judgment, and Dismissal with Prejudice ("Stipulation");

   B.   On _____, 2012, the Parties in the Litigation, by their respective counsel of record, presented before this Court a Joint Motion to

Approve Settlement and Stipulation and to Enter Order of Dismissal with Prejudice;

      C.    This Court has duly considered representations and all of the submissions presented with respect to the Agreement;

      D.    All capitalized terms in this Order Regarding Approval of FLSA Settlement, Final Judgment, and Dismissal with Prejudice ("Approval Order") that are not otherwise defined have the same meaning as in the Agreement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

      1.    This Approval Order will be binding on all Parties and as set forth in the Agreement.

      2.    The Agreement is fair, reasonable, and adequate, is in the best interests of the Parties, and should be, and is, approved, especially in light of the benefits to Plaintiffs accruing therefrom, the substantial investigation conducted by Plaintiffs' counsel prior to the proposed Agreement, and the complexity, expense, risks, and probable protracted duration of further litigation.

      3.    Within seven (7) business days after entry of this Order, Defendants shall deliver to Rebekah Kim's counsel, Peter Beck at the Law Offices of Peter Beck, APLC at 3580 Wilshire Blvd., 17th Floor, Los Angeles, CA 90010 a cashier's check made payable to "Rebekah Kim & L/O of Peter Beck Client Trust Account" in the total amount of Four Thousand Five Hundred dollars and Zero cents ($4,500.00), on the condition that the revocation period as set forth in Paragraph 9 of the Agreement has expired, without a revocation of the Agreement by Rebekah Kim pursuant to the terms of Paragraph 9 of the Agreement.

      4.    Within seven (7) business days after entry of this Order, Defendants shall deliver to Young Woo Kim's counsel, Peter Beck at the Law Offices of Peter Beck, APLC at 3580 Wilshire Blvd., 17th Floor, Los Angeles, CA

2

[PROPOSED] ORDER REGARDING APPROVAL OF
FLSA SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL WITH PREJUDICE
Case No. CV12- 3963 RGK (JCx)

90010 a cashier's check made payable to "Young Woo Kim & L/O of Peter Beck Client Trust Account" in the total amount of Four Thousand Five Hundred dollars and Zero cents ($4,500.00), on the condition that the revocation period as set forth in Paragraph 9 of the Agreement has expired, without a revocation of the Agreement by Young Woo Kim pursuant to the terms of Paragraph 9 of the Agreement.

5. The Agreement is hereby approved and shall be consummated in accordance with the terms and provisions thereof.

6. The Stipulation is hereby approved.

7. The Court hereby enters final judgment in this Litigation and hereby dismisses this Litigation in its entirety, with prejudice, in accordance with the terms of the Agreement, and without attorneys' fees or costs to any party, except to the extent otherwise expressly provided in the Agreement. This Court intends this Approval Order to be "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

8. Plaintiffs shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties based on any and all claims released in the Agreement.

9. Defendants shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against Plaintiffs based on any and all claims released and/or waived in the Agreement.

10. This Court hereby approves Plaintiffs' attorneys' fees and reimbursement of costs in the amount set forth in the Agreement, and each party shall bear his/her/its own attorneys' fees and costs, except to the extent otherwise expressly provided in the Agreement.

11. Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of the Agreement and this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendants and Plaintiffs for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Agreement and this Approval Order. Defendants and Plaintiffs are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating to this Approval Order or the Agreement, except to the extent remitted by the Agreement for resolution in a different forum.

12. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter this Approval Order.

**IT IS SO ORDERED.**

Dated: NOV - 2 2012

Hon. R. Gary Klausner
United States District Judge